UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FIFTH DIVISION

---

Potlatch Corporation, a Delaware Corporation,

Plaintiff,

vs.

02CV846 (PAM/RLE)

Phillips, Getschow Company an Illinois corporation, and United States Fidelity and Guaranty (USF&G), a Maryland corporation,

Defendants and Third-Party Plaintiffs,

**PRE-TRIAL ORDER**

vs.

Oscar J. Boldt Construction Company, a Wisconsin Corporation, and St. Paul Fire and Marine Insurance Company, a Minnesota Corporation,

Third-Party Defendants.

---

At Duluth, in the District of Minnesota, this 29th day of October, 2002.

* * *

Pursuant to Pretrial Conference convened on October 29, 2002 and in accordance with provisions of Rule 16, Federal Rules of Civil Procedure, to administer the course of this litigation in a manner which promotes the interest of justice, economy and judicial efficiency, it is –

ORDERED:

I.

That all pre-discovery disclosures required by Rule 26(a)(1) shall be completed on or before **December 1, 2002**. The period during which the parties may conduct

(14)

OCT 29 2002

discovery shall terminate on **June 1, 2003**. Disputes with regard to pre-discovery disclosures or discovery shall be called immediately to the Court's attention by the making of an appropriate Motion, and shall not be relied upon by any part as a justification for not adhering to this Pretrial Schedule. No further or additional discovery shall be permitted after the above date except by leave of the Court for good cause shown, and agreements between counsel which contravene the provisions of this Schedule will not be recognized. However, upon agreement of counsel, or with leave of the Court, depositions in lieu of in-Court testimony may be taken after the close of discovery.

II.

That all Motions which seek to amend the pleadings or add parties must be filed and the Hearing thereon completed on or before **December 1, 2002**.

III.

That all other non-dispositive Motions shall be filed and served prior to **June 15, 2003**, by calling Victoria L. Miller, Calendar Clerk for Magistrate Judge Raymond L. Erickson. All non-dispositive Motions shall be scheduled, filed and served in compliance with Local Rule 7.1(a). No discovery Motion shall be heard unless the moving party files with the Motion the statement required by Local Rule 37.1 and complies with the requirements of Local Rule 37.2.

IV.

That no more than **50** Interrogatories (counted in accordance with Local Rule 33 (a), Federal Rules of Civil Procedure) shall be served by any party.

V.

That no more than **3** depositions (excluding expert depositions) shall be taken by any party without prior Order of the Court.

VI.

That within the foregoing period allotted for discovery, but no later than the dates set forth below, the parties shall retain and disclose to opposing counsel all persons they intend to call as expert witnesses at trial. Each party's disclosure shall identify each expert and state the subject matter on which the expert is expected to testify. The disclosure shall be accompanied by a written report prepared and signed by the witness. As required by Rule 26(a)(2)(B), Federal Rules of Civil Procedure, the report shall contain:

a. The qualifications of the witness, including a list of publications authored by the witness within the preceding 10 years;

b. The compensation to be paid for the study and testimony;

c. A listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years;

d. A complete statement of all opinions to be expressed and the basis and reasons therefor;

e. The data or other information considered by the witness in forming the opinions; and

f. Any exhibits to be used as a summary of or support for the opinions.

The Plaintiff's disclosures shall be made on or before **April 1, 2003**. The Defendant's disclosures shall be made on or before **May 15, 2003**.

VII.

That the parties **[do]** contemplate taking expert depositions. No more than **2** experts may be deposed by any party without prior Order of the Court.

VIII.

That each party shall fully supplement all discovery responses according to the Federal Rules of Civil Procedure. Any evidence responsive to a discovery request which has not been disclosed on or before that date, except for good cause shown, shall be excluded from evidence at trial.

IX.

That all dispositive Motions shall be filed and the Hearing thereon completed prior to **August 15, 2003**. All dispositive Motions shall be scheduled, filed and served in compliance with Local Rule 7.1(b). Counsel are forewarned that six to eight weeks advance notice is necessary to place a dispositive Motion on the calendar.

X.

That this case shall be ready for trial on **August 15, 2003**[1], or 30 days after the Court renders its Order on any dispositive Motion (whichever is later), at which time the case will be placed on the Court's **[Jury]** trial calendar.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE

---

1 **THIS DATE IS NOT A TRIAL SETTING DATE.** The parties will be notified by the Calendar Clerk for the assigned Judge to a case by way of a Notice of Trial as to when this case will be placed on the Trial Calendar. The above date is merely a notice to all parties to consider the case ready for trial as of this date. **DO NOT PREPARE FOR TRIAL UNTIL NOTIFIED.**